**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

KAREN PADGETT BROWN,                  :

    Plaintiff,                              :

v.                                                       :          CA 14-00343-KD-C

MOBILE COUNTY                              :
COMMISSIONERS, *et al.*,
                                                    :

    Defendants.

**REPORT AND RECOMMENDATION**

    This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the Complaint (doc. 4), the motion to dismiss (doc. 9) and brief in support (doc. 10) filed by Defendant Mobile County Commissioners ("County"), the Plaintiff's response (doc. 15), and the County's reply (doc. 16).   Upon consideration of the foregoing pleadings, the Magistrate Judge **RECOMMENDS** that the County's motion to dismiss (doc. 9) be **GRANTED**.

## I.   Background

    The Plaintiff has filed a *pro se* Complaint (doc. 4) asserting employment discrimination claims against her former employer, the County.  (*Id.*)  Specifically, she alleges that the County discriminated against her based on her race, sex, and disability. (*Id.*, ¶ 8.)  She alleges that the County terminated her employment and failed to promote her.  (*Id.*, ¶ 6.)  Furthermore, she complains of the following other acts by the County: "Hostile Work Environment, Harrassment, Retali[a]tion[, and] Workplace Bullying [and] mobbing."  (*Id.*)

On January 7, 2015, United States District Judge Kristi K. DuBose entered summary judgment in the County's favor on the Plaintiff's discriminatory and retaliatory termination claims.  (Doc. 18.)  More specifically, Judge DuBose concluded that the Plaintiff cannot establish a prima facie case of race or sex discrimination, (*id.* at 19-21), and that the Plaintiff cannot establish a prima facie case of retaliation, (*id.* at 18-19).

Therefore, the Plaintiff's only remaining claims are her disability, failure to promote, and hostile work environment claims.  The County has moved to dismiss those claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for the Plaintiff's failure to exhaust her administrative remedies and for her failure to state a claim.  (Doc. 9.) The undersigned addresses the County's motion herein.

## II.  Legal Standard

A.      *Pro Se* Litigant Review.

The Plaintiff is a *pro se* litigant.  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even though courts are given leave to liberally construe pleadings of a *pro se* litigant in recognition of their lack of formal legal education, "this leniency does not give a court license to serve as *de facto* counsel for a party[.]" *GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In addition, courts are not required to "rewrite an otherwise deficient pleading in order to sustain an action[.]" *Id.* (citation omitted).

B.      *In Forma Pauperis* Standard.

2

28 U.S.C. § 1915(e)(2)(B)(i) & (ii) provides that, "the court shall dismiss the case at any time if the court determines that … the action or appeal … is frivolous or malicious [or] fails to state a claim on which relief may be granted[.]"   *Id.*   "A complaint is frivolous if it is without arguable merit either in law or in fact." *Williams v. St. Vincent Hosp.,* 258 F. App'x 293, 294 (11th Cir. 2007) (citing *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001)). The court in *Williams* went on to state that § 1915 "'accords judges not only the authority to dismiss a claim based on [an] indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Id.* (quoting *Bilal,* 251 F.3d at 1349).

C.      Motion to Dismiss Standard.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint (or portions of a complaint); therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989).

Rule 8(a)(2) generally sets the benchmark for determining whether a complaint's allegations are sufficient to survive a Rule 12(b)(6) motion. *See Iqbal*, 556 U.S. at 677-678, 129 S. Ct. at 1949 ("Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to

3

relief.' As the Court held in Twombly, . . . the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."). Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-1965, 167 L. Ed. 2d 929 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1955).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief.

*Id.* at 678-679, 129 S. Ct. at 1949-1950 (internal citations and quotation marks omitted); *see also id.* at 680, 129 S. Ct. at 1950-1951 (a plaintiff must nudge his claims "'across the line from conceivable to plausible.'"); *see Speaker v. United States Dep't of Health & Human Services Centers for Disease Control & Prevention*, 623 F.3d 1371, 1381 (11th Cir. 2010)

("[G]iven the pleading standards announced in *Twombly* and *Iqbal*, [plaintiff] must do more than recite [] statutory elements in conclusory fashion. Rather, his allegations must proffer enough factual content to 'raise a right to relief above the speculative level.'").

III. <u>Analysis</u>

<u>Failure to Exhaust Administrative Remedies</u>

A plaintiff may not bring an employment discrimination action pursuant to Title VII without first submitting a charge of discrimination to the Equal Employment Opportunity Commission (EEOC).  *Gregory v. Georgia Dept. of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970)).

> The purpose of this exhaustion requirement "is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983); *see also Wu v. Thomas*, 863 F.2d 1543, 1548 (11th Cir.1989) ("The purpose of the filing requirement is to insure that the settlement of grievances be first attempted through the office of the EEOC.") (internal quotation and citation omitted). This Court further has noted that judicial claims are allowed if they "amplify, clarify, or more clearly focus" the allegations in the EEOC complaint, but has cautioned that allegations of new acts of discrimination are inappropriate. *Wu*, 863 F.2d at 1547 (citation omitted).
>
> In light of the purpose of the EEOC exhaustion requirement, we have held that a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000) (internal quotation and citation omitted); *Sanchez*, 431 F.2d at 466 (noting that the allegations in a judicial complaint filed pursuant to Title VII may encompass any kind of discrimination like or related to the allegations contained in the charge). Courts are nonetheless "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]." *Sanchez*, 431 F.2d at 460-61. As such, this Court has noted that "'the scope of an EEOC complaint should not be strictly interpreted'" *Id.* at 465 (citation omitted).

*Id.* at 1279-80.

The County argues that the Plaintiff's failure to promote, hostile work environment and disability claims are barred because the Plaintiff failed to assert them in her charge filed with the EEOC.  (Doc. 10 at 3-5.)  The County argues that the Plaintiff's charge "focused solely on [her] contention that she was discharged in November 2013 because of her race, her sex, and in retaliation for her prior grievance in 2011."  (*Id.* at 4.)  Therefore, the County argues that, because the Plaintiff's failure to promote, hostile work environment and disability claims fall outside the scope of her EEOC charge, such claims are barred.  (*Id.*)  In her response, the Plaintiff does not address the scope of her EEOC charge or otherwise discuss the exhaustion of her administrative remedies.  (*See* doc. 15.)

The undersigned's review of the Plaintiff's EEOC charge reveals that the Plaintiff failed to assert any failure to promote, hostile work environment or disability claims. The Plaintiff filed her EEOC charge on February 22, 2014.  (Doc. 4 at 20.)  In her charge she indicated, by checking boxes on the form, that she was complaining of discrimination by the County on the basis of race, sex and retaliation, but not disability. (*Id.*)  She stated that the discrimination complained of occurred on November 27, 2013, the day her employment was terminated.  (*Id.*)  She explained the details of her claim in the following narrative statement:

> I was hired on November 3, 2007, by the Respondent as an Auto Parts Buyer.  On November 27, 2013, Theodore Lawson, Sr. (White, Superintendent of Public Works) terminated my employment.  I believe I was discriminated against because of my race (Black), sex and in retaliation for filing a grievance in December 2011.
>
> In April 2013, Eddie Rome (White, Auto Parts Buyer) purchased $5,000-$7,0000 [sic] worth of cleaning supplies from a vendor in exchange for staying at the vendor's beach property in Gulf Shores, AL.  Lawson suspended Rome for 10 days and did not terminate his employment.

6

On November 6-7, 2013, I was accused of creating Mobile County purchase orders to vendors for items for my personal vehicle totaling $314.25. This is not true. I was terminated.

I believe I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

(*Id.*)[1]

The undersigned agrees with the County that the Plaintiff's failure to promote and hostile work environment claims do not fall within "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *See Gregory*, 355 F.3d at 1280 (citation and internal quotation marks omitted). The Plaintiff stated in her charge that the discrimination occurred on the date of her termination. (*See* doc. 4 at 20.) In her narrative statement, she specifically referred to the incidents surrounding her termination, without any discussion of more general discrimination that could be construed as encompassing her failure to promote or hostile work environment claims. (*See* doc. 4 at 20.) The Plaintiff's charge could not reasonably be expected to lead to an EEOC investigation of whether the County failed to promote the Plaintiff or whether the County maintained a hostile work environment and, therefore, those claims are barred. *See Green v. Elixir Indus., Inc.*, 152 F. App'x 838,

---

[1] While not argued by the Plaintiff, the undersigned acknowledges that, in the Intake Questionnaire and documentation attached to the Intake Questionnaire submitted to the EEOC, the Plaintiff alleges that she was harassed and denied a promotion by the County. (Doc. 4 at 22-25, 33-34.) However, intake questionnaires generally are not treated as charges for purposes of determining whether a plaintiff exhausted her claims. *See Francois v. Miami Dade Cnty., Port of Miami*, 432 F. App'x 819, 822 (11th Cir. 2011). Here, as in *Francois*, the Intake Questionnaire and attached documentation do not constitute a charge because the Intake Questionnaire was not verified by the Plaintiff, (doc. 4 at 25), and because the Plaintiff demonstrated her understanding that the Intake Questionnaire and attached documentation did not constitute a charge by subsequently filing a timely charge, (*compare id.* at 22-25, *with id.* at 20). *See Francois*, 432 F. App'x at 822 (determining that the intake questionnaire did not constitute an EEOC charge for purposes of exhaustion). The undersigned's finding in this regard is further supported by the fact that the EEOC did not treat the Plaintiff's Intake Questionnaire as a charge, (doc. 4 at 21), and the fact that the Plaintiff was assisted by an attorney before submitting her Intake Questionnaire, (*id.* at 25).

841 (11th Cir. 2005) (concluding that the plaintiff's EEOC charge did not encompass a hostile work environment claim where "[n]othing in [the charge] related to incidents of harassment, nor did anything mention the dates on which they occurred."); *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994) (affirming district court's conclusion that the plaintiff's failure to promote claims were barred where the plaintiff only asserted an unequal pay claim in her charge); *see also Ezekiel v. Tift Cnty. Sch. Dist.*, No. 7:08-cv-127 (HL), 2010 WL 431977, at *5 (M.D. Ga. Feb. 1, 2010) ("To hold that a disparate pay claim grows out of failure to promote claims would be to determine that the simple act of raising one kind of discrimination claim with the EEOC would allow plaintiffs to file all manner of discrimination claims, no matter how remote they may be factually from the initial claim, in the district court.   This is not acceptable."). Accordingly, it is **RECOMMENDED** that the County's motion to dismiss be granted with respect to the Plaintiff's failure to promote[2] and hostile work environment claims.[3]

---

[2]      The undersigned notes that, even if the Plaintiff had raised her failure to promote claim in her EEOC charge, that claim would be barred for being untimely.   "In a non-deferral state such as Alabama, the deadline for filing [an EEOC charge] is 180 days after the alleged discriminatory act." *Carter v. Univ. of South Ala. Children's & Women's Hosp.*, 510 F. Supp. 2d 596, 606 (S.D. Ala. 2007).   In the Plaintiff's response to the County's motion to dismiss, the Plaintiff states that her failure to promote claim is based on the County's March 3, 2009 denial of her application for the position of "Public Service Supervisor II."   (Doc. 15 at 2, 10; *see* doc. 4 at 9.) The Plaintiff was required to file her charge of discrimination with respect to that act not later than 180 days after it occurred.   *See Carter v. Austal, U.S.A., L.L.C.*, Civil Action No. 08-00155-KD-N, 2011 WL 3203761, at *2-4 (S.D. Ala. July 27, 2011) (concluding that the defendant's failure to promote claims were barred as untimely because the failure to promote a plaintiff is a discrete act that cannot give rise to a discrimination claim when the plaintiff did not file a charge within 180 days of the employer's decision denying the promotion); *Johnson v. City of Tampa*, No. 8:11-cv-2372-T-33EAJ, 2013 WL 1912790, at *8-9 (M.D. Fla. May 9, 2013) (same). Because the Plaintiff did not file her EEOC charge until February 22, 2014, (doc. 4 at 20), five years after she was denied the promotion at issue, her failure to promote claim is time barred.

[3]      The undersigned further notes that the Plaintiff's hostile work environment claim is frivolous.

      To state a claim for hostile work environment under either Title VII or the ADA, plaintiff must allege facts which demonstrate: (1) that she belongs to a protected group, (2) that she was subjected to unwelcome harassment, (3) that

the harassment was based on a protected characteristic, (4) that the harassment
was sufficiently severe or pervasive to alter the terms and conditions of
employment, and (5) that the employer is either directly or vicariously
responsible for the abusive work environment.

*O'Donnell v. Punta Gorda HMA, LLC*, No. 2:10-cv-785-FtM-29SPC, 2011 WL 3168144, at *3 (M.D.
Fla. July 27, 2011) (citing *Burgos v. Chertoff*, 274 F. App'x 839, 842 (11th Cir. 2008); *Miller v.
Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002)).  "While a *prima facie* case need not
be proven at the pleading stage, a plaintiff 'is still required to properly plead a cause of action
pursuant to *Twombly* and *Iqbal*.'" *Baker v. Hafez Corp.*, Civil Action No. 13-00641-KD-N, 2014 WL
1760976, at *8 n.11 (S.D. Ala. May 2, 2014) (citing *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F.
App'x 935, 937 (11th Cir. 2011); *Veale v. Florida Dep't of Health*, No. 2:13-c-77-FtM-38UAM, 2013
WL 5703577, at *5 (M.D. Fla. July 29, 2013)) (emphasis omitted); *see Edwards v. Prime, Inc.*, 602
F.3d 1276, 1301 (11th Cir. 2010) (concluding that the Plaintiff did not allege sufficient facts to
state a plausible claim because, "[a]lthough the amended complaint does allege that [the
plaintiff] was threatened, assaulted, and shunned by his Hispanic and Latino co-workers, which
created a hostile work environment, it does not plausibly allege that he was harassed because
he is Caucasian.").

   In the Plaintiff's Complaint, she does not articulate any allegations supporting a hostile
work environment claim beyond stating that she complains of "[h]arassment" and "[w]orkplace
bullying [and] mobbing."  (*See* doc. 4 at 1-6.)  Those bare and conclusory allegations clearly fall
short of stating a plausible hostile work environment claim. The most notable deficiency is the
Plaintiff's failure to allege that the harassment was based on a protected characteristic.  (*See id.*)
The employment records attached to the Plaintiff's Complaint contain evidence of instances of
harassment and bullying behavior by the Plaintiff's supervisor.  (*See* doc. 4 at 38-62.)  However,
the evidence demonstrates that the harassment and bullying of which the Plaintiff complains
was not based on the Plaintiff's race, sex, alleged disability, or any other protected characteristic.
(*See, e.g.*, doc. 4 at 55, correspondence from the Plaintiff to the County ("[T]here was an attack
on me by [my supervisor].  He became raged [sic] about an[] order that came in.  As we were
unloading the order [he] stormed into the parts room cursing about the order. . . . He continued
cursing and swearing which . . . happens very often. . . . [He] threaten[ed] my position . . . . He
was cursing in a bad way. This action was very unprofessional and should not be part of the
workplace. According to the Law of Human Right of 1964 no persons should be harassed and
cursed as part of any workplace."); *id.* at 59, correspondence from the Plaintiff to the County
("[He] now is using the Indirect Bullying Style and he has recruited followers.  He's in a more
subtle form of bullying also known as social aggression. . . . [He] employs techniques such [as]
criticism, gossip, and seeks isolation towards me."); *id.* at 60, correspondence from the County's
attorney to the Plaintiff ("You and I discussed the meaning of [sexual harassment and
discrimination] and you advised me this has not occurred. You did, however, describe bullying
and consistently negative and accusatory actions, statements, and attitudes on the part of [your
supervisor]. You advised that this is not directed only at you, or only at protected classes such
as blacks or females, but also at whites and males.").)  Thus, the Plaintiff cannot state a plausible
hostile work environment claim.  *See Edwards*, 602 F.3d at 1301.

   As Judge DuBose stated when addressing the County's motion for summary judgment,
"the law [does not] impose[] a general civility code in the workplace," (doc. 18 at 18 ("[N]othing
in the grievance or subsequent grievance proceedings indicated [the Plaintiff] truly believed at
the time [her supervisor] was cursing her or threatening her simply because she was black or a
woman or both—she just mistakenly believes the law imposes a general civility code in the
workplace.  Accordingly, [the Plaintiff's] October 2011 grievance is not 'protected activity'
under Title VII."). *See Hill v. Bd. of Sch. Commissioners of Mobile Cnty., Ala.*, Civil Action No. 12-

9

The undersigned also finds that the Plaintiff failed to exhaust her disability discrimination claim by failing to check the box on her charge for disability discrimination, (doc. 4 at 20), and by failing to include any reference to a disability in the narrative statement portion of her charge, (*id.*).  *See Sessom v. Wellstar Hosp.*, Civil Action File No. 1:08-CV-2057-TWT, 2009 WL 1562876, at *2-3 (N.D. Ga. May 29, 2009) ("Because Plaintiff's charge does not reference discrimination on the basis of disability and clearly excludes it as a basis when she did not check the box indicating that her charge was based on disability discrimination, the Court cannot conclude that the EEOC's investigation of Plaintiff's charge would have reasonably included her disability discrimination claim.").  However, in this Circuit, the Title VII exhaustion requirements only apply to employment discrimination claims on the basis of disability if those claims are brought pursuant to Title I of the Americans with Disabilities Act (ADA).[4]  Those exhaustion requirements do not apply to employment discrimination

---

00510-KD-N, 2014 WL 1604004, at *8 (S.D. Ala. Apr. 22, 2014) ("Title VII is not a 'federal civility code' . . . and does not create liability for 'the ordinary tribulations of the workplace, such as the sporadic use of abusive language.'" (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998); *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999))).  Any hostile work environment claim based on the Plaintiff's allegations of harassment, bullying or "mobbing" clearly lacks merit and is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *See Williams v. Ala. Pub. Health Dept.*, 159 F. App'x 120, 121 (11th Cir. 2005) (affirming the district court's dismissal of hostile work environment claim where the plaintiff "alleged that her co-workers' conduct was annoying and unprofessional but failed to allege that it was attributable to her membership in a protected category.").

[4]      *See Bledsoe v. Palm Beach Cnty. Soil & Water Conservation Dist.*, 133 F.3d 816, 824 (11th Cir. 1998) ("[T]he *Ethridge* court noted the difference in the application of the exhaustion requirement which is mandatory in Title I but not in Title II of the ADA. The court found that although Title I requires exhaustion, Title II does not because it 'incorporates the enforcement procedures of the Rehabilitation Act, . . . which do not require exhaustion of administrative remedies for non-federal employees.' [*Ethridge v. Alabama*,] 847 F. Supp. [903,] 907 [(M.D. Ala. 1993)]. 'An analysis of Title II regulations further makes clear that, while resort to administrative remedies is optional, it is not required.' *Id.* The court referenced the regulations, which plainly state that exhaustion is not required. . . . We agree with this analysis and note that it is generally presumed that Congress acts intentionally and purposely where '"it includes particular language in one section of a statute but omits it in another."'"), *cert. denied*, 525 U.S. 826, 119 S. Ct. 72, 142 L. Ed. 2d 57 (1998); *King v. Clarke County, Ala.*, No. CA 12-0312-CG-C, 2012

10

claims brought by non-federal employees against public entities pursuant to Title II of the ADA.[5]

Here, the *pro se* Plaintiff used a form complaint provided by the Court in employment discrimination cases.  (Doc. 4 at 1-3; *see* doc. 3 at 2 ("[T]he Clerk's Office is instructed to send to Ms. Brown a form complaint utilized in discrimination cases.  Ms. Brown is **ORDERED** to complete all sections of the form complaint[.]").)  She checked an entry on the form complaint indicating that she has a "Physical disability," and, "[t]herefore, [she is] bringing this action pursuant to the [ADA], specifically, 42 U.S.C. § 12117."  (Doc. 4, ¶ 8.)  That statutory reference is to Title I of the ADA.  However, an employment discrimination claim on the basis of disability also may be brought against a public entity, such as the County, pursuant to Title II of the ADA.  *Bledsoe*, 133 F.3d at 825 (holding that Title II encompasses employment discrimination claims).  Because the Plaintiff is proceeding *pro se* and used the form complaint provided by the Court, the undersigned construes the Plaintiff's disability discrimination claim liberally as being brought pursuant to Title I and Title II of the ADA.  Thus, while the Plaintiff's Title I claim is barred for her failure to exhaust her administrative remedies, her Title II claim is not foreclosed on those grounds.

Title II Disability Discrimination Claim

With regard to her disability discrimination claim, the Plaintiff alleges that she was "[r]un over by [a] truck on Mobile County property" and that the event was "malic[i]ous."  (Doc. 4, ¶ 8.)  However, the Plaintiff does not provide any further specific allegations regarding the manner in which she was discriminated against or

---

WL 5287040, at *7 (S.D. Ala. Sept. 27, 2012) (discussing *Bledsoe*, 133 F.3d at 824), *report and recommendation adopted by* 2012 WL 5265954.

[5]       *See supra* note 4.

otherwise describe the events that gave rise to her claims. (*See id.*, ¶¶ 1-14.) Instead, the

Plaintiff refers to seventy-three pages of documents attached to her Complaint. (*Id.*, ¶

11 ("See Attached [and] See Exhibits"); *id.* at 4 ("See Attached"); *see id.* at 7-79.) Those

attached documents include records from her employment with the County and records

from her EEOC file. (*See id.* at 7-79.) In one of the documents submitted to the EEOC,

the Plaintiff stated that "[she] was run over by a truck in the employee parking lot [on]

March 8, 2010. (Doc. 4 at 34).

> Title II of the ADA provides that "no qualified individual with a disability [6] shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Eleventh Circuit recognizes employment discrimination claims as cognizable under Title II. *Bledsoe*[, 133 F.3d at 825]. A plaintiff proceeding under Title II must prove: (1) that she is a qualified individual with a disability; (2) that she was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability. *Bircoll v. Miami– Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007).

*Butts v. Ga. State Patrol Div.*, No. 4:11-CV-60 (CDL), 2011 WL 5597258, at *6 (M.D. Ga.

Nov. 17, 2011).

Here, the Plaintiff has failed to adequately state a disability discrimination claim.

First, the Plaintiff has not alleged any facts showing that she is a qualified individual

with a disability. (*See* doc. 4 at 1-6; *see also id.* at 7-79, documentation attached to the

Complaint.) Second, The Plaintiff has not alleged an adverse action by her employer

---

[6]     Under the ADA, an individual has a "disability" if he (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(2); *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000). Major life activities include "functions such as caring for oneself, performing manual tasks, walking, and working." 29 C.F.R. § 1630.2(i).

*Butler v. Greif Bros. Serv. Corp.*, 231 F. App'x 854, 856 (11th Cir. 2007) (emphasis omitted).

related to her disability.  (*See id.* at 1-6.)  The record is clear, and Judge DuBose has determined, that the Plaintiff's employment was terminated "because her employer concluded she should not have been misusing the purchasing system."  (Doc. 18 at 24.)  There is no suggestion in the Complaint or in the documentation attached to the Complaint that she was terminated for reasons related to her disability.  (*See* doc. 4 at 20, Plaintiff's EEOC Charge (asserting that she was terminated because of her race, sex, and for filing a grievance, but not due to any disability); *see generally id.* at 1-79.)  Likewise, there are no allegations by the Plaintiff, and no evidence in the documentation attached to the Complaint, that the Plaintiff was denied a promotion due to her disability.  (*See* doc. 4.)  In fact, the Plaintiff ties her failure to promote claim to a denied promotion on March 4, 2009, (doc. 15 at 2, 10), and the Plaintiff's purported disability did not occur until March 2010, (doc. 4 at 34).  Furthermore, the Plaintiff has not alleged, and there is no evidence indicating, that she ever requested or was ever denied reasonable accommodations for a disability.  (*See id.* at 1-6; *id.* at 7-79.)[7]

---

[7]     In a document submitted to the EEOC, the Plaintiff discussed her injury related to the automobile accident as follows:

> I was run over by a truck in the employee parking lot March 8, 2010.  I was off workman compensation.  When I returned to work my desk was filled with Purchase Orders that basically piled there, no other buyer was allowed to help per Ray Shelly.  This was another one of Ted Lawson and Ray Shelly schemes to deem me incompetent, I had to talk to the Account Payable Director Judy Ford. She did not know that I had got ran over in the parking lot.  All this was thrown out.  The mental anguish that I have suffered has left me with serious health issue[s].

(Doc. 4 at 34.)  Notably, the Plaintiff does not state that she requested or was denied a reasonable accommodation related to a covered disability.  *See Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999) (holding that, under the ADA, an employer's "duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made"); *see also Russell v. City of Mobile*, Civil Action No. 11-0267-CG-B, 2013 WL 1567372, at *6 (S.D. Ala. Apr. 12, 2013) (citing *Gaston*, 167 F.3d at 1363-64). Additionally, were the Plaintiff to clearly articulate any disability discrimination claim arising from this incident, it would surely be barred by the statute of limitations.  "[F]or discrimination claims under Title II of the ADA . . . the applicable limitations period is governed by the most analogous state statute of limitations," *Horsley v. Univ. of Ala.*, 564 F. App'x 1006, 1008 (11th Cir.

Significantly, in the Plaintiff's response to the County's motion to dismiss, the Plaintiff did not make any attempt to explain the nature of her disability discrimination claim or otherwise argue that she has adequately alleged such a claim. (*See* doc. 15.)

Therefore, the undersigned finds that the Plaintiff's disability discrimination claim is frivolous. The Plaintiff's bare assertion that she was discriminated against on the basis of disability is unsupported by any factual allegations demonstrating the plausibility of such a claim. The Plaintiff cannot state a claim for disability discrimination merely by asserting that she was injured in an automobile accident in her employee parking lot. *See Marsh v. Ga. Dept. of Behavioral & Health Developmental Disabilities*, No. CV410-273, 2011 WL 806423, at *1 (S.D. Ga. Feb. 14, 2011) ("[P]laintiff must plead more than threadbare recitals, legal conclusions and the mere possibility of misconduct. . . . [I]t is not sufficient to simply cite to various health problems and an adverse employment result." (citations omitted)), *report and recommendation adopted by* 2011 WL 806658; *Royster v. Escambia Cnty. Nursing Home*, No. 3:06cv52/MCR/MD, 2006 WL 5882171, at *3 (N.D. Fla. Mar. 31, 2006) ("[P]laintiff neither claims nor alleges facts to suggest she has a disability. Even assuming *arguendo* that she does, she fails to allege facts that even remotely suggest defendants' decision to deny her medical benefits was the result of discrimination based on disability."). Furthermore, the copious documents attached to the Complaint do not provide any indication that Plaintiff could state a plausible disability discrimination claim if given the opportunity to amend her

---

2014) (citing *Everett v. Cobb Cnty. Sch. Dist.*, 138 F.3d 1407, 1409-10 (11th Cir. 1998)); *Williams v. Raymond & Assoc., LLC*, Civil Action No. 13-0634-CG, 2014 WL 2215872, at *1 (S.D. Ala. May 29, 2014) (citing *Everett*, 138 F.3d at 1409), and for a case such as this where the incident occurred in Alabama, "the applicable limitations period is two years," *Horsley*, 564 F. App'x at 1008 (citing Ala. Code § 6-2-38(l)). Because the events described by the Plaintiff occurred in 2010, (*see* doc. 4 at 34), and the Plaintiff did not file her Complaint until 2014, (doc. 1; doc. 4), any claim arising from those events would be barred by the two–year statute.

Complaint.[8]  Accordingly, it is **RECOMMENDED** by the undersigned that Plaintiff's disability discrimination claim be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### III. Conclusion

For the reasons stated herein, the Magistrate Judge **RECOMMENDS** that the County's motion to dismiss (doc. 9) be **GRANTED** and that all remaining claims against the County be **DISMISSED WITH PREJUDICE**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely

---

[8]      The Plaintiff has not requested to amend her Complaint and, as stated above, she did not argue in response to the County's motion to dismiss that she has a valid disability discrimination claim.  (*See* doc. 15.)

incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

     **DONE** this the 23rd day of February 2015.

                s/WILLIAM E. CASSADY
                **UNITED STATES MAGISTRATE JUDGE**